UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY J. DOUGLAS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, MCKESSON CORPORATION, and DOES 1 to 100,<br><br>    Defendants. | Case No: C 13-2331 SBA<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Docket 9 |

The parties are presently before the Court on Bristol-Myers Squibb Company's ("BMS") motion to stay pending transfer to the Plavix® MDL. Dkt. 9. Plaintiffs oppose the motion. Dkt. 13. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS BMS's motion to stay, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

On April 22, 2013, Plaintiffs commenced the instant action against Defendants BMS and McKesson Corporation (collectively "Defendants") in the Superior Court of California, County of San Francisco, alleging injuries arising out of the use of the prescription drug Plavix®. Compl., Dkt. 1. On May 22, 2013, BMS removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a). See Notice of Removal, Dkt. 1.

Due to the number of Plavix® products liability actions filed, the Judicial Panel on Multidistrict Litigation ("MDL Panel") established an MDL court in the United States District Court for the District of New Jersey. See In re Plavix Mktg., Sales Practices &

Prods. Liab. Litig. (No. II), MDL No. 2418 ("Plavix® MDL").  See Dkt. 9-1.  On June 7, 2013, the MDL Panel conditionally transferred this case to the MDL court.  See Dkt. 17 at 4.  The issue of whether this action will be transferred to the Plavix® MDL is currently pending before the MDL Panel.

## II.     DISCUSSION

A district court has the inherent power to stay proceedings.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  A district court's decision to grant or deny a stay is a matter of discretion.  Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  In determining whether to stay proceedings pending a motion before the MDL Panel, the factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.  In re iPhone Application Litigation, 2011 WL 2149102, at *2 (N.D. Cal. 2011); see also Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

The Court finds that the above-referenced factors weigh in favor of a stay.  First, there is no evidence that Plaintiffs will be prejudiced or inconvenienced by a stay.  If this case is transferred to the Plavix® MDL, Plaintiffs can present their motion to remand to the MDL court.  On the other hand, if the case is not transferred, this Court will resolve Plaintiffs' motion to remand.  Furthermore, the MDL Panel has conditionally transferred this matter to the Plavix® MDL and it is unlikely that a stay of this action will last long.  The MDL Panel recently issued an order transferring sixteen similar cases from this district to the Plavix® MDL, including an essentially identical case assigned to the undersigned, Arenberg, et al. v. Bristol-Meyers Squibb Co., et al., C 12-06207 SBA.  See Case No. C 12-06207 SBA, Dkt. 31 ("Transfer Order"); see also Dkt. 15-1 (same).  Second, BMS may suffer hardship and inequity if a stay is not imposed.  If this Court prematurely adjudicates Plaintiffs' motion to remand, BMS may be forced to re-litigate issues before the MDL Panel

or in state court. See Arnold v. Bristol-Myers Squibb Co., C 12-6426 TEH (N.D. Cal. Apr. 3, 2013); Gibson v. Bristol-Myers Squibb Co., 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013) (Armstrong, J.).

Finally, a stay would promote judicial economy and uniformity. As noted, the MDL Panel recently issued an order transferring sixteen of this district's Plavix® actions to the Plavix® MDL, finding that the cases involve common questions of fact with actions previously transferred to the MDL court, and concluding that "transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." See Transfer Order at 2 (noting that transfer is warranted for the reasons set out in the original order directing centralization,[1] which states that "[c]entralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel, and the judiciary."). There are also numerous motions to remand pending before various judges of this district in other Plavix® actions awaiting transfer to the Plavix® MDL. In light of the foregoing, the Court finds that staying the instant action will avoid the possibility of inconsistent results and will conserve judicial resources by avoiding the needless duplication of work in the event this case is transferred. Accordingly, BMS's motion to stay is GRANTED.[2]

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. BMS's motion to stay is GRANTED. This action is STAYED until the pending conditional transfer matter is resolved by the MDL Panel. The parties shall inform the Court within seven (7) days from the date this matter is resolved.

---

[1] See In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II), MDL No. 2418, --- F.Supp.2d ----, 2013 WL 565971, at * 2 (J.P.M.L. 2013).

[2] This Court joins other courts in this district that have granted motions to stay in similar cases. See, e.g., Jones v. Bristol-Myers Squibb Co., 2013 WL 3388659 (N.D. Cal., July 8, 2013); Addison v. Bristol-Myers Squibb Co., 2013 WL 3187859 (N.D. Cal., June 21, 2013); Gibson, 2013 WL 2081964; Arenberg, C 12-06207 SBA; Kinney v. Bristol-Myers Squibb Co., C 12-4477 EMC (N.D. Cal. Apr. 12, 2013); Arnold, C 12-6426 TEH; Vanny v. Bristol-Myers Squibb Co., C 12-05752 SI (N.D. Cal. Mar. 25, 2013); Aiken v. Bristol-Myers Squibb Co., C 12-05208 RS (N.D. Cal. Mar. 14, 2013).

2. The hearing scheduled for August 6, 2013 is VACATED.

3. This Order terminates Docket 9.

IT IS SO ORDERED.

Dated: 8/5/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge