UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)                    MDL No. 2418

TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the three actions listed on Schedule A, two of which are pending in the Northern District of California, and the other of which is pending in the Northern District of Mississippi, move to vacate our orders conditionally transferring the actions to the District of New Jersey for inclusion in MDL No. 2418. Responding defendants oppose the motions.[1]

In their motion to vacate, plaintiffs in the two Northern District of California actions principally cite that they have moved for remand to state court, and that those motions remain pending. As we have held frequently, however, the pendency of a remand motion is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

In his motion to vacate, the plaintiff state attorney general in the Northern District of Mississippi action argues that the action revolves around the accuracy of defendants' marketing communications, whereas most of the actions in the MDL are personal injury actions turning on complex questions of science and medical causation. As we expressly noted in our decision centralizing this litigation, however, "[t]he complaints in the personal injury actions also contain numerous allegations that defendants improperly marketed Plavix." *In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1379 (J.P.M.L. 2013). Plaintiff also argues that the Mississippi action involves only a claim for violation of that state's consumer protection statute. We frequently have held, however, that the existence of unique claims is not a bar to transfer where common factual issues exist. *See, e.g., In re: MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("Where actions share factual questions, the Panel has long held that the presence of disparate legal theories is no reason to deny transfer.").

---

\* Judge Sarah S. Vance took no part in the decision of this matter.

[1] Bristol-Myers Squibb Company (Bristol-Myers) responded with respect to the two Northern District of California actions. Responding defendants as to the Northern District of Mississippi action are Bristol-Myers, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
Deputy Clerk

- 2 -

After considering all argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with actions in this litigation previously transferred to MDL No. 2418, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for reasons set out in our original order directing centralization.  In that order, we held that the District of New Jersey was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations that the Bristol–Myers and Sanofi defendants falsely touted Plavix as providing superior cardiovascular benefits to those of aspirin, and knew or should have known, misrepresented, or failed to disclose various serious risks of taking Plavix (*e.g.*, heart attack, stroke, internal bleeding, or death)." *Plavix II*, 923 F. Supp. 2d at 1379.  A review of the complaints in these three actions leaves no doubt that they share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

Kathryn H. Vratil                     Paul J. Barbadoro
Marjorie O. Rendell                Charles R. Breyer
Lewis A. Kaplan

**IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)**                          MDL No. 2418

## SCHEDULE A

Northern District of California

Larry J. Douglas, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 4:13-02331
Howard W. Jones, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 4:13-02415

Northern District of Mississippi

Jim Hood, Attorney General of the State of Mississippi, *ex rel.* The State of Mississippi v.
Bristol-Myers Squibb Company, et al., C.A. No. 1:12-00179